## *DITTO* vs. *BARTON.*

Eastern Dis't.
*June*, 1827.

APPEAL from the court of the third district.

PORTER, J. delivered the opinion of the court. This is an action on two promissory notes: there was judgment against the defendant in the court of the first instance, and he has appealed.

The two points made by him in this court, are:

1. That one of the notes was stated in the petition to be made on the 5th of April, 1823; and that which was offered in evidence was on the fifth of April, 1822.

2. That one of the notes recovered on, was endorsed over, and no evidence was given of a retransfer.

The second objection cannot be noticed, for none of the evidence given on the trial comes up. The record is not certified in such a way as will enable us to look into the merits. The clerk states that the foregoing ten pages contain a true and complete transcript of all the proceedings had, and of all the documents on file in the suit. This may be true, and yet the record not contain the evidence given on the trial, for if it was not taken down, it could not

*A certificate of the clerk that the record contains a true and complete tran script of all the proceed- ings had, and of all the do- cuments on file in the suit, does not ena- ble the court to examine the case on its merits.*

*When a note is annexed to and made a part f the pe- tition, there can be no va- riance be- tween the allegata, et probata.*

DITTO
vs.
BARTON.

be *on file;* and the fact of its not being redu-
ced to writing made no part of *the proceedings.*
It is clear from other parts of the record, that
evidence was given, and it is also to be presum-
ed from the verdict of the jury. The code of
practice requires the clerk to certify, that the
record contains the evidence adduced. *Code of
Practice,* 586, 602, 603, 896.

The first objection however, is properly
brought before us by a bill of exceptions, but
we think it untenable. The note on which
suit was brought, was annexed to, and made
by express declaration, *a part of the petition.*
So that there was not, nor could there be any
variance between the allegation, and the proof.
The erroneous description given by the plain-
tiff in copying the note, was corrected by the
note itself. There could not have been any
surprise, and the *res judicata* may be well
pleaded to another action on this allegation.
When both these objects are attained by the
proceedings, the defendant can have no just
cause of complaint.

We do not think this is a case in which da-
mages should be allowed for a frivolous ap-
peal, and it is therefore ordered, adjudged and
decreed, that the judgment of the district court
be affirmed with costs.

*Watts & Lobdell* for the plaintiff,

for the defendant.